IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NICHOLAS ROOS**                                                                                         **PLAINTIFF**
**ADC #163931**

v.                                     No: 4:19-cv-00895 BRW-PSH

**YOLANDA CLARK,** *et al.*                                                                     **DEFENDANTS**

## AMENDED ORDER

Plaintiff Nicholas Roos filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, while incarcerated at the Arkansas Division of Correction's Varner Unit (Doc. No. 2). Roos has since been appointed counsel (Doc. No. 103). Through his counsel, Roos has filed a motion to amend his complaint with a proposed second amended complaint attached (Doc. No. 106 & 106-1). The Court previously granted Roos' motion to amend, noting that defendants had not responded. Defendants' response was filed just as the Court's order was docketed. Defendants object to Roos' motion to the extent he seeks to add new claims to this case or revive any claims that were previously dismissed for failure to exhaust administrative remedies. Doc. No. 107. The Court amends its prior order (Doc. No. 108) to address the defendants' response.

Pursuant to Federal Rule of Civil Procedure 15(a), once an answer has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Having more closely reviewed Roos' proposed Second Amended Complaint and the defendants' response, the Court finds that this amendment should not be allowed at this time for the following reasons.

First, the proposed Second Amended Complaint adds a new claim based on Defendants' delay in communicating to Roos the reinstatement of his vegan diet. Doc. No. 106-1 at 12-13.  Roos alleges he did not learn of the reinstatement of his diet until July 7, 2020, almost seven months after he filed this lawsuit.  As such, allowing Roos to amend his complaint to add these allegations is likely futile because Roos could not have exhausted his administrative remedies on this claim until after he filed the original lawsuit.  The Eighth Circuit Court of Appeals has held that exhaustion must occur before a lawsuit is filed.  *See generally Johnson v. Jones,* 340 F.3d 624, 628 (8th Cir. 2003).  *See also Tyler v. Kelley*, No. 5:17CV00239-JLH-JTK, 2018 WL 1528784, at *3 (E.D. Ark. Mar. 2, 2018); *Dunahue v. Bolden*, No. 5:16CV00105 BSM/JTR, 2016 WL 7650673, at *2 (E.D. Ark. Dec. 19, 2016).

Second, the proposed Second Amended Complaint adds a new claim based on the defendants' failure to provide Roos with a yoga mat.  Doc. No. 106-1 at 13. Defendants argue that this claim is not sufficiently related to Roos' other claims. Doc. No. 107.  The Court disagrees on this point; Roos' lawsuit encompasses several claims related to the practice of his religion, Raja Yoga of Hinduism.  The failure to provide a yoga mat may be sufficiently related to those claims.  *See* Fed. R. Civ. P.

20 (allowing claims against multiple defendants when the claims against them arise out of the same series of occurrences and present questions of fact common to all defendants). However, the Second Amended Complaint does not sufficiently describe the role of each defendant and does not describe when Roos requested a yoga mat and when those requests were denied. Roos may propose another amended complaint to include this claim, but he must provide more specifics. Further, if such an amendment is allowed, the defendants will in turn be allowed to file a Rule 12(b)(6) motion to dismiss this claim and/or a motion for summary judgment on the issue of exhaustion with respect to this claim.

Finally, the Court notes that if another amended complaint is proposed and allowed, any claims previously dismissed for failure to exhaust may not be revived.

For these reasons, Roos' motion (Doc. No. 106) is DENIED without prejudice. The Clerk of Court is directed to strike the second amended complaint (Doc. No. 109) and the defendants' answer (Doc. No. 110).

IT IS SO ORDERED this 19th day of July, 2021.

UNITED STATES MAGISTRATE JUDGE